1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   HYONGSOON KIM (SBN 257019)
2  kimh@akingump.com
   4 Park Plaza, Suite 1900
3  Irvine, CA 92614
   Telephone:       949.885.4100
4  Facsimile:       949.885.4101

5  PATRICK E. MURRAY (SBN 293765)
   pmurray@akingump.com
6  2029 Century Park East, Suite 2400
   Los Angeles, CA 90067-3010
7  Telephone:       310.229.1000
   Facsimile:       310.229.1001
8
   ANTHONY T. PIERCE *[to be admitted pro hac vice]*
9  apierce@akingump.com
   1333 New Hampshire Avenue, N.W.
10 Washington, DC 20036-1564
   Telephone:       202.887.4000
11 Facsimile:       202.887.4288

12 Attorneys for Defendants VIZIO, INC. and COGNITIVE
   MEDIA NETWORKS, INC. (currently known as VIZIO
13 INSCAPE TECHNOLOGIES, LLC)

14

15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                       SAN FRANCISCO DIVISION

19

20 CAROLINE TONGARM, individually and          Case No. 3:16-cv-00822-HSG
   on behalf of all others similarly situated,
21                                              **JOINT MOTION AND STIPULATION TO**
                    Plaintiffs,                 **STAY PROCEEDING; ORDER TO STAY**
22
       v.                                       Date:      To Be Set
23                                              Time:      To Be Set
   VIZIO, INC., a California corporation,
24 and COGNITIVE MEDIA NETWORKS,
   INC., a Delaware corporation,
25
                    Defendants.
26

27

28
                                      1
   JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY

1

2

3       Pursuant to Civil L.R. 7-11 and 7-12, Plaintiff Caroline Tongarm ("Plaintiff") and Defendants

4   VIZIO, Inc. and VIZIO Inscape Technologies, LLC (f/k/a Cognitive Media Networks, Inc.)

5   (collectively "Defendants") hereby stipulate to, and respectfully move the Court for an Order to Stay

6   Proceedings pending a ruling by the United States Panel on Multidistrict Litigation ("MDL Panel") on

7   pending applications to transfer to the U.S. District Court for the Central District of California and

8   interested party responses requesting transfer to this Court for the following good cause:

9       1.      Plaintiff has alleged certain claims, including a claim under the Video Privacy

10   Protection Act ("VPPA"), against Defendants in connection with Plaintiff's alleged purchase of a

11   "Smart Television" sold by Defendant VIZIO, Inc.  The complaint primarily concerns Defendants'

12   alleged collection and use of viewing information from Plaintiff's and other Smart Televisions sold by

13   VIZIO, Inc.

14       2.      As of the filing of this stipulation, nineteen cases, including the above-captioned action,

15   are pending in eight different United States District Courts asserting closely related claims against

16   VIZIO, Inc. and other defendants.[1]  These actions are collectively referred to as the "VPPA Actions."

---

[1]*Watts & Keeter v. VIZIO Holdings, Inc. et al.*, Case No. 8:15−cv−01860−JLS−KES, C.D. of
California, filed November 11, 2015; *Weiss v. VIZIO, Inc.*, Case No. 8:15-cv-01984-JLS-KES, C.D. of
California, filed November 25, 2015; *Reed v. Cognitive Media Networks, Inc. et al.*, Case No. 3:15-
CV-05217-LB, N.D. of California, filed November 13, 2015; *Ogle v. VIZIO, Inc.*, 4:15-cv-00754-JM,
E.D. of Arkansas, filed December 10, 2015; *Mason v. VIZIO Holdings, Inc. et al.*, Case No. 1:15-cv-
11288, N.D. of Illinois, filed December 15, 2015; *Hodges & Richardson v. VIZIO, Inc. & Cognitive
Media Networks, Inc.*, Case No. 8:15-cv-02090-JLS-KES, C.D. of California, filed December 16,
2015; *Levine v. VIZIO, Inc.*, Case No. 8:15-cv-02151-JLS-KES, C.D. of California, filed December 23,
2015; *Jewett et al. v. VIZIO, Inc.*, Case No. 3:15-cv-06281-JD, N.D. of California, filed December 29,
2015; *Sloan v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 8:15-cv-2166-JLS-KES, C.D.
of California, filed December 29, 2015; *Pagorek v. VIZIO, Inc. & Cognitive Media Networks, Inc.*,
Case No. 2:15-cv-00472-JD-PRC, N.D. of Indiana, filed December 30, 2015; *Eddy v. VIZIO, Inc., et
al.*, Case No. 3:16-cv-00167-EDL, N.D. of California, filed January 11, 2016; *Craig v. VIZIO, Inc.*,
Case No. 5:16-cv-00026-JSM-PRL, M.D. of Florida, filed January 19, 2016;  *Anderson v. VIZIO, Inc.
& Cognitive Media Networks, Inc.*, Case No. 3:16-cv-00409-SK, N.D. of California, filed January 22,
2016; *Dassa & Hinerfeld v. VIZIO Holdings, Inc. et al.*, Case No. 9:16-cv-80130-DMM, S.D. of
Florida, filed January 25, 2016; *Milewski v. VIZIO Holdings, Inc., et al.*, Case No. 3:16-cv-00156-CJC-
KES, C.D. of California, filed January 29, 2016; *Strader v. VIZIO, Inc.,* Case No. 1:16-cv-00381-RLY-
DKL, S.D. of Indiana, filed February 17, 2016; *Thomson v. VIZIO, Inc., et al.,* Case No. 8:16-cv-
00276, C.D. of California, filed February 17, 2016; *Bratland v. VIZIO, Inc., et al.,* Case No. 8:16-cv-
00284, C.D. of California, filed February 18, 2016; *Tongarm v. VIZIO, Inc., et al.*, Case No. 3:16-cv-
00822-HSG, N.D. of California, filed February 18, 2016.

JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY

1

2

3     3.     All pending VPPA Actions name VIZIO, Inc. as a defendant.  Eight cases name only

VIZIO, Inc. and Cognitive Media Networks, Inc. (an entity that no longer exists and is now known as

4     VIZIO Inscape Technologies, LLC) as defendants.  Six cases also name VIZIO Holdings, Inc., VIZIO

5     Inscape Services, LLC, VIZIO Inscape Technologies, LLC, (f/k/a Cognitive Media Networks, Inc.) as

defendants.  Collectively, these entities are referred to herein as the "VIZIO Defendants."

6

7     4.     The VPPA Actions all allege that some combination of the VIZIO Defendants disclosed

the purportedly private information of individual users of VIZIO Inc.'s Internet-connected televisions

8     to third parties.  All VPPA Actions allege violations of the VPPA.  The complaints also allege

9     violations of various state consumer protection statutes.  All of the cases are at the early stage of the

10    litigation:  complaints have been filed, but no responsive pleadings have been filed, no discovery has

11    occurred, and there has been no motions practice.

12    5.     On December 30, 2015, Plaintiff Daniel Levine filed a Motion for Transfer of Actions

13    pursuant to 28 U.S.C. 1407, requesting that the MDL Panel transfer seven VPPA Actions to a single

14    forum for consolidated or coordinated pretrial proceedings in the Central District of California.  MDL

15    No. 2693, Doc. No. 1.

16    6.     On January 20, 2016, the VIZIO Defendants filed a Subsequent Motion to Transfer also

17    requesting to transfer the same seven cases, as well as certain additional actions filed after Plaintiff

18    Levine's Motion to Transfer, to the Central District of California.  MDL No. 2693, Doc. No. 45.

19    7.     On March 3, 2016, Plaintiff Caroline Tongarm filed an Interested Party Response in

20    Opposition to Motion to Transfer.  Tongarm agreed that the VPPA Actions should be transferred for

21    coordinated pretrial proceedings, and proposed that the cases be transferred to the Northern District of

22    California. MDL No. 2693, Doc. No. 81.

23    8.     Most critically, *all* counsel in each VPPA Action agree that the VPPA Actions concern

24    the same subject matter and should be transferred to a single district.  Counsel only disputes the

25    ultimate location and judge to whom the VPPA Actions should be transferred.  Counsel in the VPPA

26    Actions agree that case management issues, including discovery and motion practice, for multiple

27    cases involving the same subject matter should be coordinated by a single judge.

28

3

JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      9.      Oral argument in the MDL proceeding is presently set for March 31, 2016.  MDL No. 2693, Doc. No. 61.

      10.     Plaintiff and Defendants stipulate that an interim stay of proceedings would further the purposes of MDL consolidation or coordination by conserving judicial resources, preventing inconsistent pretrial rulings, and promoting the interest of justice.  *See also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved.") (citation omitted); *Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11–6580 DSF (FFMx), 2011 WL 4469532, at *2 (C.D. Cal. Sept. 21, 2011) ("The Court concludes that granting a stay pending the MDL panel's transfer determination would conserve judicial resources."); *Pacific Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03–813GLT(ANX), 2003 WL 22025158, at *2 (C.D. Cal. June 30, 2003) (staying proceeding pending MDL decision to conserve judicial resources and avoid duplication of pre-trial efforts); *Hardin v. Merck & Co.*, No. C 07 0070 SBA, 2007 WL 1056790, at *2 (N.D. Cal. Apr. 5, 2007) ("The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within the Court's discretion.").

      11.     Plaintiff and Defendants agree that a temporary stay would not unduly prejudice any party.  Given the lack of prejudice, and given that Plaintiff and Defendants expect the Judicial Panel on Multidistrict Litigation ("JPML") to rule on the pending MDL applications within a reasonable amount of time, the parties believe it prudent to stay this case pending the issuance of the JPML's decision on whether to transfer the related cases to a single forum.  Such a stay will maintain the status quo pending a decision on the MDL applications pending before the JPML, so the judge to whom these actions are ultimately transferred can at that time make all necessary case management decisions.

      12.     Defendants are seeking or will seek shortly a similar stay in all VPPA Actions. Substantively identical stipulations have already been filed *Watts & Keeter v. VIZIO Holdings, Inc. et al.*, Case No. 8:15−cv−01860−JLS−KES, C.D. of California; *Weiss v. VIZIO, Inc.*, Case No. 8:15-cv-01984-JLS-KES, C.D. of California; *Reed v. Cognitive Media Networks, Inc. et al.*, Case No. 3:15-CV-

4

05217-LB, N.D. of California; *Ogle v. VIZIO, Inc.*, Case No. 4:15-cv-00754-JM, E.D. of Arkansas; *Mason v. VIZIO Holdings, Inc. et al.*, Case No. 1:15-cv-11288, N.D. of Illinois; *Hodges & Richardson v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 8:15-cv-02090-JLS-KES, C.D. of California; *Levine v. VIZIO, Inc.*, Case No. 8:15-cv-02151-JLS-KES, C.D. of California; *Anderson v. VIZIO, Inc. & Cognitive Media Networks, Inc.*, Case No. 3:16-cv-00409-SK, N.D. of California; *Craig v. VIZIO, Inc.*, Case No. 5:16-cv-0026-JSM-PRL, M.D. of Florida; *Eddy v. VIZIO, Inc., et al.,* Case No. 3:16-cv-00167-LB, N.D. of California; *Dassa & Hinerfeld v. VIZIO Holdings, Inc. et al.*, Case No. 9:16-cv-80130-DMM; and *Milewski v. Vizio Holdings, Inc.*, Case No. 8:16-cv-00156-JLS-KES, C.D. of California.

13.    All of the above-listed stipulations have been approved and entered by the presiding Court.

14.    Plaintiff and Defendants specifically agree and stipulate that, by joining in this stipulation, Defendants are not and have not waived or forfeited any right or defense in this case.

15.    Defendants have further agreed that, within fourteen days after entry of an Order staying the instant litigation, Defendants will provide all plaintiffs' counsel in each VPPA Action with (a) copies of the insurance policies under which an insurer may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment; and (b) the names of witnesses Defendants at this time intend to present in defense of the action along with the corporate title or position of the witnesses identified and a general overview of what the witnesses have knowledge of.  Plaintiff and Defendants understand that Defendants' review of the facts is ongoing.

Plaintiff and Defendants hereby stipulate to the above facts, and request an order (a) staying all proceedings in the above-captioned action (including Defendants' obligations to respond to the Complaint) until 30 days after the JPML decides whether to include this case in any centralized proceedings under 28 U.S.C. § 1407; and (b) vacating all current deadlines, including any deadlines to respond to the Complaint.

JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY

1

2

3

       Plaintiff and Defendants further respectfully propose that, if this Court continues to preside over this action after the JPML has ruled on the pending Applications, the Court can set a status conference at which time the parties can brief the Court on the status of the VPPA Actions and the Court can set any relevant case management deadlines.

4

5

**IT IS SO STIPULATED.**

6

7

Respectfully submitted,

8

9

Dated:  March 14, 2016

10

11

**AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM
PATRICK E. MURRAY
ANTHONY T. PIERCE

12

13

By_____/s/ Hyongsoon Kim_____
        Hyongsoon Kim
*Attorneys for Defendants VIZIO, INC. and*

14

*COGNITIVE MEDIA NETWORKS, INC (currently known as VIZIO INSCAPE TECHNOLOGIES, LLC)*

15

16

17

Dated:  March 14, 2016

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT
ADAM J. ZAPALA
ELIZABETH TRAN
JOYCE CHANG

18

19

20

By_____/s/ Adam J. Zapala___
        Adam J. Zapala
*Attorneys for Plaintiff Caroline Tongarm*

21

22

23

PURSUANT TO STIPULATION, IT IS SO ORDERED

24

25

Dated:  March 15, 2016

26

HAYWOOD S. GILLIAM, JR.
United States District Judge

27

28

JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY

1

**ATTESTATION**

2

3          I, Hyongsoon Kim, hereby attest, pursuant to Northern District of California Local Rule 5-

4     1(i)(3), that concurrence to the filing of this document has been obtained from each signatory hereto.

5     Dated: March 14, 2016                              By: /s/ Hyongsoon Kim
                                                              Hyongsoon Kim
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  4 Park Plaza, Suite 1900, Irvine, California 92614.  On March 14, 2016, I served the foregoing document(s) described as: **JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY** on the interested party(ies) below, using the following means:

SEE ATTACHED SERVICE LIST

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at _____, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2016 at Irvine, California.


Elizabeth Chavis                                                                   /s/ Elizabeth Chavis
[Print Name of Person Executing Proof]                                        [Signature]

8

JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY

1

**SERVICE LIST**

2

Joseph W. Cotchett                                       Gary F. Lynch
3
Adam J. Zapala                                           **CARLSON LYNCH SWEET & KILPELA,**
Elizabeth Tran                                           **LLP**
4
Joyce Chang                                              1133 Penn Avenue, 5th Floor
**COTCHETT, PITRE & McCARTHY, LLP**                      Pittsburgh, Pennsylvania 15222
5
840 Malcolm Road, Suite 200                              P. (412) 322-9243
Burlingame, CA 94010                                     F. (412) 231-0246
6
Telephone: 650-697-6000                                  glynch@carlsonlynch.com
7
Facsimile: 650-697-0577
jcotchett@cpmlegal.com
8
azapala@cpmlegal.com
etran@cpmlegal.com
9
jchang@cpmlegal.com

10
Joseph P. Guglielmo                                      Arthur M. Murray
11
**SCOTT+SCOTT, ATTORNEYS AT LAW,**                       **MURRAY LAW FIRM**
**LLP**                                                  650 Poydras Street, Suite 2150
12
The Chrysler Building                                    New Orleans, LA 70130
405 Lexington Avenue, 40th Floor                         T. 504.525.8100
13
New York, NY 10174-4099                                  F. 504.584.5249
P. 212.223.6444                                          amurray@murray-lawfirm.com
14
F. 212.223.6334
jguglielmo@scott-scott.com
15

16
Andrew N. Friedman
Sally M. Handmaker
17
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
18
1100 New York Avenue, N.W.
West Tower, Suite 500
19
Washington, DC 20005
T. 202.408.4600
20
F. 202.408.4699
afriedman@cohenmilstein.com
21
shandmaker@cohenmilstein.com
22

23

24

25

26

27

28

9

JOINT MOTION AND STIPULATION TO STAY PROCEEDINGS; [PROPOSED] ORDER TO STAY